RICHARD GEORGE JARDIN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jardin v. Commissioner
Docket No. 20221-90.
United States Tax Court
T.C. Memo 1991-627; 1991 Tax Ct. Memo LEXIS 675; 62 T.C.M. (CCH) 1557; T.C.M. (RIA) 91627; December 17, 1991, Filed *675 Richard George Jardin, Jr., pro se. Alan S. Beinhorn, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
MEMORANDUM OPINION This case is before the Court on respondent's motion to dismiss for failure to state a claim on respondent's motion to dismiss for failure to state a claim for relief pursuant to Rule 40 and for damages (now designated as a penalty) under section 6673. See sec. 7443(A)(b)(4). All section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent issued statutory notices of deficiency to petitioner on June 8, 1990 for the taxable years 1985, 1986, and 1987. As adjusted, the deficiencies and additions to tax determined are as follows: Year
Deficiency
6651(a)(1)
6653(a)(1)
1985
$ 2,841
$ 628
$ 126
1986
3,030
758
--
1987
3,266
817
--
Additions to Tax--Sections
Year
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
6654
1985
*
--
--
$ 163
1986
--
$ 152
*
147
1987
--
163
*
176
*676 Petitioner was a resident of Orangevale, California, at the time the petition herein was filed. Respondent's determination was based on petitioner's failure to report wage income in each of the years 1985, 1986, and 1987 and the additions to tax set forth above. In his petition filed September 10, 1990, petitioner disagreed with the determinations for reasons outlined in two letters which did little more than proclaim the now familiar and oft-rejected tax protester arguments. The arguments recite an unfocused disagreement based on constitutional grounds with certain aspects of the national agenda, which petitioner no longer supports, and dissatisfaction with certain national policies which petitioner vehemently opposes. Arguments of this tenor have been repeatedly rejected by this Court and we perceive no need to discuss them again. See generally . In any event, none of these arguments absolves petitioner from his obligations under the Code. It is clear that petitioner is subject to the income tax laws and statutory requirements to file timely returns. At the hearing on this motion, petitioner filed an amended *677 petition with the Court in a purported response to respondent's motion to dismiss, and he also stated that he was withdrawing his earlier arguments. However, petitioner fails to raise any issue in his assignments of error in the amended petition within the meaning of Rule 34(b). Rule 34(b)(4) requires that the petition shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) requires that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. The amended petition filed herein alleges no justiciable error with respect to respondent's determination and no justiciable facts in support thereof. Petitioner does little more than engage in a garbled and misguided exercise in statutory interpretation which has no conceivable application to the case before us. Briefly, petitioner argues that respondent has made an erroneous assessment of estimated income tax in violation of the statute and that this purported violation somehow vitiates the entire determination *678 of deficiencies and additions to tax for the years involved. We unhesitatingly reject the argument as without merit. Petitioner has the burden of showing error in respondent's determination of deficiencies and additions to tax. ; . Any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); . Since petitioner has not raised any justiciable facts or issues in his petition or amended petition, respondent's motion to dismiss will be granted and decision entered in his favor for the determined deficiencies and additions to tax. We next consider whether a penalty should be imposed on petitioner under section 6673, which section provides that the Tax Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000 where it appears to the Tax Court that the proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or the taxpayer unreasonably failed *679 to pursue available administrative remedies. See , affd. per curiam . Petitioner has made no meaningful effort to address respondent's determinations. The contentions and legal theories are specious and manifestly frivolous. The inescapable inference compelled by this record is that petitioner knowingly instituted and maintained this proceeding primarily for delay. We therefore conclude that petitioner is required to pay a penalty to the United States in the amount of $ 2,000. An appropriate order and decision will be entered.
Footnotes
*. 50 percent of the interest due on the full amount of the underpayment.↩